# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT of TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID RODRIGUEZ, <br> # 52305-280 <br><br> **Plaintiff** <br><br> v. <br><br> GEO GROUP CENTRAL TEXAS <br>     FACILITY, <br> BRENT BEMONT, Warden, <br> MICHAEL PROCTOR, Asst. Warden, <br> GEO CENTRAL TEXAS FACILITY <br>     MEDICAL DOCTOR/STAFF, <br> F/N/U BALADERAS, Captain, <br> F/N/U OLIVERAS, Correctional Officer, <br><br> **Defendants** | § § § § § § § § § § § § § § § § § | Civil Action <br> No. SA-11-CA-261-OG (NN) |

## SHOW CAUSE ORDER

Before the Court is plaintiff David Rodriguez's 42 U.S.C. § 1983 civil rights complaint. Plaintiff alleges on June 3, 2010, while he was incarcerated at the GEO Central Detention Facility in San Antonio, Texas, female correction officer Oliveras, who was in training, opened cell doors without giving inmates the standard verbal warning "rolling doors." Plaintiff asserts his arms became trapped between the opening cell door and the stationary cell bars. After being freed, plaintiff was examined by the medical staff on duty, nurses Oscar and Williams. They gave plaintiff Motrin for pain. Captain Baladeras ordered plaintiff to return to his cell. Plaintiff states he was suffering pain from his right shoulder, neck, and back. Several days later, x-rays were taken of the left side of his shoulder, which plaintiff states was incorrect, as he pointed out to the staff, but to no avail. Plaintiff was sent back to his cell. Plaintiff claims that over the next six weeks he submitted numerous medical sick calls complaining about the pain in his right shoulder, neck, and back. Eventually, x-rays were taken of the right side of his shoulder, neck,

and back.  In October 2010, plaintiff was transferred to the Guadalupe Adult Detention Center.  He states he provided "the same" information to the medical staff.  Plaintiff was sent to an outside doctor for MRIs.  The MRIs showed two discs in his neck and two discs in his back were damaged, causing severe pain.  Since then, his arm has been placed in a sling to ease his discomfort.  Plaintiff also states a doctor told him surgery is necessary to correct the problem.

Plaintiff alleges Warden Bemont and Assistant Warden Proctor, through their omissions, deliberately and indifferently denied plaintiff proper medical attention.  He alleges Captain Baladeras denied plaintiff medical attention by ordering officers to remove plaintiff from the medical unit and to place plaintiff in a lock down unit.  Plaintiff asserts GEO Corporation's lax policies and negligence of its employees denied plaintiff medical care and caused unnecessary pain and suffering.  Plaintiff contends GEO Central Facility doctor and staff denied him proper medical attention by x-raying the wrong parts of his body and by waiting six weeks to take proper x-rays.  He also asserts they never scheduled any outside appointment for plaintiff after discovering the seriousness of his injuries through the x-rays.

Plaintiff alleges GEO Corporation; Warden Bemont; Assistant Warden James Copeland, whom plaintiff does not name as a defendant; Assistant Warden Proctor; Captain Baladeras; the GEO Central Facility doctor in-charge, for whom plaintiff provides a description; and Correctional Officer Oliveras, in their personal and official capacities, "through their policies, omissions and/or negligence deliberately and indifferently caused bodily injury, denied [plaintiff] adequate medical care causing unnecessary pain and suffering."  Plaintiff seeks monetary damages and punitive damages.

To establish a claim under § 1983, a plaintiff must prove the violation of a right secured by the Constitution and laws of the United States and show the alleged deprivation was

committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Title 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) states the court shall dismiss an in forma pauperis complaint if the court determines it is frivolous or malicious, or fails to state a claim on which relief may be granted. An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To state a claim pursuant to Fed. R. Civ. P. 12(b)(6), plaintiff's allegations must present "enough facts to state a claim to relief that is plausible on its face," i.e. the "[f]actual allegations must be enough to raise a right to relief above the speculative level," and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). For the limited purpose of making these determinations, this Court assumes, without deciding, that the factual allegations of the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 326 (1991). When interpreting a prisoner's IFP complaint, the court should look at the substance of the complaint setting aside statements of "bare legal conclusions, with no suggestion of supporting facts." *See Wesson v. Oglesby*, 910 F. 2d 278, 281 (5th Cir. 1990). Conclusory IFP complaints may be dismissed as frivolous. *See, e.g.*, *Wilson v. Budney*, 976 F. 2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F. 2d 256, 257 (5th Cir. 1988).

*Some of plaintiff's claims in his § 1983 complaint are frivolous or fail to state a claim and therefore are subject to dismissal for the following reasons:*

1. To establish liability on the part of GEO Group Central Texas Facility, plaintiff must demonstrate a policy or custom which caused the alleged constitutional deprivation. *See Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690-91 (1978). An employer is not liable under § 1983 on a respondeat superior theory, *i.e.*, an employer is not liable under § 1983 solely because it employs a tortfeasor. *Id.* at 691. Plaintiff's complaint fails to allege the requisite

custom, practice, or policy, as a basis for liability against GEO Group Central Texas Facility.

2.	In a § 1983 civil rights action, a plaintiff must allege facts that would show the defendants were personally involved in the actions he complains of, or were responsible for the policy or custom giving rise to the constitutional deprivation. *See McConney v. City of Houston*, 863 F. 2d 1180, 1184 (5th Cir. 1989); *Reimer v. Smith*, 663 F. 2d 1316, 1323 (5th Cir. 1981); *Howell v. Tanner*, 650 F. 2d 610, 615 (5th Cir. 1981). Again, an employer is not liable under § 1983 on a respondeat superior theory, *i.e.*, an employer is not liable under § 1983 solely because he employs a tortfeasor. *Monell*, 436 U.S. at 691. Here, plaintiff does not allege facts that would show defendants Bemont and Proctor were personally involved in the matters about which plaintiff complains, and plaintiff does not allege facts that would show defendants Bemont and Proctor were responsible for any particular policy or custom giving rise to a constitutional deprivation. In the event plaintiff seeks to add Assistant Warden James Copeland as a defendant, raising the same claims as he does against defendants Bemont and Proctor, plaintiff does not allege facts that would show Copeland was personally involved in the matters about which plaintiff complains, and plaintiff does not allege facts that would show Copeland was responsible for any particular policy or custom giving rise to a constitutional deprivation.

3.	The Eighth Amendment provides protection from cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 345 (1981). Inmates have an Eighth Amendment right to be free from conditions of confinement that impose an excessive risk to their health or safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To show that this right has been violated, the inmate must show that the conditions posing a substantial risk of serious harm are so grave that it violates contemporary standards of decency to expose someone unwillingly to such a risk; and the inmate must show that the incarcerating officials knew of, but

disregarded, an excessive risk to inmate health or safety. *Farmer v. Brennan*, 511 U.S. at 834. The officials must have been aware of facts from which an inference could have been drawn that there was a substantial risk of serious harm, and the officials must have drawn that inference. *Id*. Plaintiff does not allege any official knew of, but disregarded, an excessive risk to plaintiff's health or safety. Also, plaintiff must allege facts to show a defendant acted deliberately and without cause, and with the intent of maliciously and sadistically injuring plaintiff. *Hudson v. McMillian*, 503 U.S. 1, 7, 9 (1992). Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. 327, 329-336 (1986).

Plaintiff alleges defendant Oliveras, who was in training, opened cell doors without giving inmates the standard verbal warning "rolling doors," thereby causing plaintiff's arms to be trapped between the opening cell doors and the stationary cell bars. Plaintiff does not allege facts that would show defendant Oliveras was aware plaintiff's arms were in a position to be trapped when the doors were opened, plaintiff does not allege facts that would show defendant Oliveras acted deliberately with the intent to maliciously and sadistically injure plaintiff, and plaintiff does not allege facts that would show defendant Oliveras's actions were more than negligent.

4. To establish a civil rights claim for the denial of medical care, a prisoner must allege and prove the prison authorities were deliberately indifferent to the prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1978). Negligence is not a basis for a civil rights action under § 1983, *see Daniels v. Williams*, 474 U.S. at 329-336, and "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner," *Estelle v. Gamble*, 429 U.S. at 106. Disagreement with a course of treatment is not a basis for a civil rights action. *Norton v. Dimazana*, 122 F. 3d 286, 292 (5th Cir. 1997). "Unsuccessful medical treatment does not give rise to a § 1983 cause of action." *Varnado v. Lynaugh*, 920 F. 2d 320, 321 (5th Cir.

1991). A delay in providing medical care is not a violation of this constitutional right unless it is due to deliberate indifference and it results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir.1993).

Plaintiff does not allege how defendant Baladeras's actions denied him medical treatment. He states he was prescribed Motrin for pain, and he does not allege the nurses who examined plaintiff shortly after he received his injuries indicated any need for plaintiff to remain in the medical unit instead of being returned to his cell. Plaintiff does not allege how defendant Baladeras's actions in having plaintiff moved to his cell harmed plaintiff, since plaintiff states he was seen several days later when x-rays were taken. Plaintiff alleges he was in pain, but the nurses had already prescribed medication for pain.

Plaintiff alleges he had pain in his right shoulder, neck, and back, but x-rays were taken of the "left side of my shoulder, which was incorrect." He alleges six weeks later, x-rays were taken of "the right side of my shoulder, neck, and back." It is not clear whether plaintiff is alleging x-rays were first taken of the left side of his right shoulder or of his left shoulder. It is not clear whether plaintiff is alleging the later x-rays were taken of the right side of his right shoulder or of his right shoulder. Plaintiff shall clarify his allegations.

Plaintiff alleges when x-rays were first taken of "the left side of my shoulder, which was incorrect, I mentioned it to the staff to no avail." Plaintiff shall clarify what specifically he told the medical staff while he was being x-rayed the first time.

Plaintiff alleges he submitted numerous medical sick call requests over a six-week period complaining about the pain in his right shoulder, neck, and back. Plaintiff does not state what responses he received to his sick call requests, he does not state whether he was seen or examined by medical personnel during the six-week period, he does not allege whether any

diagnosis was made of his medical injuries after the first x-rays were taken and during the six-week period, and he does not state whether he received any medical treatment during that six-week period.

Plaintiff alleges he was taken for an MRI once he was transferred to another facility, but he does not allege facts that would show the failure to have an MRI done while at GEO Group Central Texas Facility was due to deliberate indifference to his medical needs.  Again, medical malpractice or a prisoner's disagreement with medical treatment are not bases for a civil rights complaint.

Plaintiff does not allege how he was substantially harmed by any delay in receiving medical treatment.  He alleges he was in pain, however he does not allege why he would not have been in pain anyway had x-rays been done six weeks earlier.

Before dismissal Plaintiff is entitled to amend his complaint to cure these deficiencies if possible.  *See Neitzke v. Williams*, 490 U.S. 319, 329, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). **Therefore, Plaintiff shall show cause within twenty-one (21) days why this Court should not dismiss his claims as frivolous and for failure to state a claim, as explained in this Order, by filing an amended complaint (of no more than ten (10) pages) curing these deficiencies or explaining why his claims should not be dismissed.**  If plaintiff fails to respond to this Order, this action will be dismissed for failure to prosecute and failure to comply with this Order.  *See* Fed. R. Civ. P. 41(b).

**SIGNED** on April 14, 2011.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE